UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR A FRAUD INVESTIGATION | ML No: 20-930 |

*Reference:*    DOJ Ref. # CRM-182-67193

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Liudmila Batista, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Argentina.  In support of this application, the United States asserts:

RELEVANT FACTS

1.    The Central Authority of Argentina, the Argentine Ministry of Foreign Affairs, submitted a request for assistance (the Request) to the United States, pursuant to the Inter-American Convention on Mutual Assistance in Criminal Matters, Aug. 27, 1992 - Feb. 28, 2006, S. Treaty Doc. No. 105-25 (Treaty).

2. As stated in the Request, the National Court in Criminal and Correctional Matters Number 21 in Argentina is investigating Jaime Moises Jacubovich (Jacubovich) and others for fraud, which occurred in or about 2014, in violation of the criminal law of Argentina, specifically, Article 172 of the Argentine Criminal Code.  Under the Treaty, the United States is obligated to assist in response to the Request.

3. According to Argentine authorities, on August 22, 2016, two sisters (the victims) filed a criminal complaint against their grandfather Jacubovich, their aunt Claudia Irene Jacubovich (Claudia), and their cousin Patricio Sion Eduardo Emsanie (Patricio), claiming that they fraudulently misappropriated assets from the estate of their deceased father (the victims' father), in violation of Argentine criminal law.

4. On December 21, 2010, the victims' father died.  The victims claim that as his only surviving children, they were the sole and rightful heirs to their father's entire estate.  The victims indicate that before dying, their father told the victims that he had inherited a set of Israeli investment bonds from his great uncle.  Accordingly, the victims began searching for the two Israeli investment bonds that their father allegedly inherited from his great uncle.

5. Sometime in or about 2014, the victims determined that their father's great uncle held two Israeli investment bonds in account number XXXXXXX6153 at the Development Corporation for Israel (DCI), an investment firm authorized to sell bonds issued by the State of Israel in the United States.  The first bond came due on May 1, 2014, and was valued at a total of approximately USD 5,425,000.  The second bond was valued at approximately USD 4,940,000.  On or about July 15, 2014, the victims collected the second Israeli bond from DCI.

6. However, on December 8, 2015, the victims met with DCI's legal representative in New York City, who informed the victims that DCI had already paid out the first Israeli bond

to Jacubovich, in his capacity as administrator of the estate of the victims' father's great uncle. Records indicate that Jacubovich subsequently transferred the money collected from the first Israeli bond to an account at a bank located in Panama.

7. Argentine authorities note that on February 2, 2011, Claudia and Patricio opened succession proceedings with the National Judge of First Instance in Civil Matters in Argentina to have Patricio appointed as a temporary administrator. However, on February 22, 2011, the court rejected their request and appointed one of the victims as temporary administrator instead. At the time that Jacubovich claimed ownership over the first Israeli bond to DCI, the question of who inherited the first Israeli bond, Jacubovich or the victims, had not yet been decided.

8. Therefore, the victims claim that Jacubovich fraudulently took possession of property that did not belong to him by falsely claiming to DCI that he had inherited it. The victims believe that Jacubovich may have used the misappropriated funds to purchase a luxury property in Argentina for his daughter Claudia.

9. To further the investigation, Argentine authorities have asked U.S. authorities to provide records pertaining to DCI account number XXXXXXX6153.

## LEGAL BACKGROUND

10. A treay[1] constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  <u>Zschernig v. Miller</u>, 389 U.S. 429, 440-41 (1968). A multilateral convention is a treaty under U.S. law.

11. The United States and Argentina entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters.  <u>See</u> Treaty pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures. Article 7. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Article 10 ("Requests for assistance . . . shall be executed in accordance with the domestic law of the requested state).

12. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*                    \*                    \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*                    \*                    \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or

>for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

13. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

14. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4] Upon

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. *See* 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

15. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A sample "Commissioner's Subpoena" is included as Attachment A.

## REQUEST FOR ORDER

16. The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section

---

[5] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

3512. In addition, the Request was submitted by an appropriate "foreign authority," the Argentine Ministry of Foreign Affairs, the designated Central Authority in Argentina and seeks assistance in the investigation of a fraud – a criminal offense in Argentina.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

17. This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

18. When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the

recipient(s) of any given commissioner subpoena.

19.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Liudmila Batista, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

                                              Respectfully submitted,

                                              VAUGHN A. ARY
                                              DIRECTOR
                                              OFFICE OF INTERNATIONAL AFFAIRS
                                              OK Bar Number 12199

By:     _____
        Liudmila Batista
        Trial Attorney
        KY Bar Number 94460
        Office of International Affairs
        Criminal Division, Department of Justice
        1301 New York Avenue, N.W.
        Washington, D.C. 20530
        (202) 616-2461
        Liudmila.Batista@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR A FRAUD INVESTIGATION | ) ) ) ) ) ) ) |

*Reference:*   DOJ Ref. # CRM-182-67193

## COMMISSIONER'S SUBPOENA

TO: _____

I, Commissioner _____, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on _____, for the purpose of rendering assistance to _____, command that you provide the following documents regarding (an) alleged violation(s) of the laws of _____; specifically, _____, in violation of Section _____ of the _____ Code.

Provide records to International Affairs Specialist _____ by emailing them to _____ or by mailing via FedEx either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20\_\_:

_____

For failure to provide records you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

_____
COMMISSIONER

_____
Trial Attorney
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) _____
_____

2